William A. Broscious, VSB #27436
Kimberly A. Taylor, VSB #29823
KEPLEY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Richmond, VA 23233
(804) 741-0400 x202
(804) 741-6175 (Facsimile)

*Counsel for the Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**In re:**

| | |
|---|---|
| **DIGITAL INK, INC., and** | **Case No. 18-30056 KLP** |
| **CHRISTOPHER DAVID McGINNIS,** | **Chapter 7** |
| **Debtors.** | **(Jointly Administered)** |

### TRUSTEE'S MOTION TO SHOW CAUSE
### AND NOTICE OF MOTION AND NOTICE OF HEARING

Harry Shaia, Jr., Chapter 7 Trustee of the above-captioned cases, by counsel and pursuant to 11 U.S.C. §105(a) and Rules 9014 and 9020 of the Federal Rules of Bankruptcy Procedure, moves for entry of an order compelling Robert M. Beltrami to appear in court and show cause why he should not be found in contempt for failing to comply with this Court's orders.

#### JURISDICTION, VENUE AND PREDICATES FOR RELIEF

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     The predicates for the requested relief are Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 9014 and 9020.

## BACKGROUND

3.     On May 31, 2017, Christopher David McGinnis ("Debtor McGinnis") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

4.     Harry Shaia, Jr. was appointed Chapter 7 Trustee of Debtor McGinnis' case on August 29, 2017, following the resignation of two prior interim Trustees.

5.     Debtor McGinnis owned 100% of the capital stock of Digital Ink, Inc. ("Debtor DII"), a Virginia corporation, and was its sole officer and director.

6.     On January 5, 2018, the Trustee caused DII to file for Chapter 7 bankruptcy relief.  Mr. Shaia has been appointed Chapter 7 Trustee for DII's case as well.

7.     The Court has ordered these cases to be jointly administered as specified in its May 22, 2018 Order.

## ORDERS

8.     Prior to their bankruptcy filings, the Debtors retained Mr. Beltrami as their accountant.

9.     As the Debtors' accountant, Mr. Beltrami has recorded information relating to the Debtors' property or financial affairs.  He may also be in possession of property of one or more of the Debtors that was transferred to him in connection with the services rendered by Mr. Beltrami to the Debtors.

10.   On November 30, 2017, in connection with the Trustee's Rule 2004 Motion in the McGinnis case (the "2004 Order"), this Court ordered Mr. Beltrami, among others, to produce the following documents to the Trustee on or before December 8, 2017:

   a. All federal and state tax returns prepared by Mr. Beltrami for Debtor McGinnis and Debtor DII, including specifically those for the years 2012 through 2016; and

   b. All documents provided by either Debtor to Mr. Beltrami in connection with the preparation of their tax returns.

11.   Mr. Beltrami failed to comply with the 2004 Order or offer any excuse for his failure to comply.  On multiple occasions, Mr. Beltrami promised Trustee's counsel that he would hand deliver the records on a date certain, but failed to do so.  On another occasion, he stated he had mailed the records; none were ever received.

12.   On May 9, 2018, in connection with the Trustee's Turnover Motions in the both the McGinnis and DII cases (the "Turnover Orders"), this Court ordered Mr. Beltrami to tender to the Trustee, within 5 business days, all recorded information, including books, documents, records and papers, relating to the Debtors' property or financial affairs, as well as any property of the Debtors held by him, including, but not limited to, any books and records of the Debtors.

13.     Undersigned counsel sent copies of the Turnover Orders by U.S. Mail, postage prepaid, to Mr. Beltrami.

14.     On May 17, 2018, copies of the Turnover Orders were personally served on Mr. Beltrami at his home by a private process server.

15.     To date, Mr. Beltrami has failed to comply with the Turnover Orders and has not contacted counsel for the Trustee regarding the Orders.

## BASIS FOR REQUESTED RELIEF

16.     The Trustee asks the Court to enter an Order to Show Cause requiring Mr. Beltrami to appear before the Court to explain why he should not be held in contempt for failing to comply with the 2004 and Turnover Orders. Pursuant to 11 U.S.C. §105, bankruptcy courts may issue orders designed to "coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Cherry v. Arendall (In re Cherry)*, 247 B.R. 176, 187 (Bankr. E.D. Va. 2000) (*citing United States v. United Mine Workers*, 330 U.S. 258, 303 (1947)). Moreover, courts generally have the inherent ability to enforce their own orders. *See Spallone v. U.S.*, 493 U.S. 265, 276 (1990).

17.     Absent a proper reason for Mr. Beltrami's failure to comply with the 2004 and Turnover Orders, the Trustee asks the Court to award sanctions against him in an amount to reimburse the estate for its legal fees in having to file this Motion. *See Better Homes of Va., Inc. v. Budget Serv. Co.*, 52 B.R. 426, 431-32 (E.D. Va. 1985) (finding contempt and awarding damages); *In re Gentry*,

275 B.R. 747, 753 (Bankr. W.D. Va. 2001) (finding civil contempt and awarding

sanctions); *In re Computer Dynamics, Inc.*, 253 B.R. 693, 698-99 (E.D. Va.

2000) ("Courts have broad discretion in selecting appropriate contempt

sanctions . . .").

**WAIVER OF MEMORANDUM OF LAW**

18.    Pursuant to Local Bankruptcy Rule 9013-1(G), and because there

are no novel issues of law presented in the motion and all applicable authority

is set forth herein, the Trustee respectfully requests that the Court waive the

requirement that all motions be accompanied by a separate written

memorandum of law.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an

Order to Show Cause and to award such further relief as the Court may deem

appropriate.

**NOTICE OF MOTION AND NOTICE OF HEARING**

**Your rights may be affected**.  You should read these papers carefully
and discuss them with your attorney.  (If you do not have an attorney, you may
wish to consult one).  If you do not want the Court to grant the relief sought, or
if you want the Court to consider your views, then you or your attorney must:

:    File with the Court, at the address shown below, a written response
     pursuant to Local Bankruptcy Rules 9013-1 and 2004-1 not later than
     one day before the hearing date set forth below.

> Clerk of Court
> United States Bankruptcy Court
> 701 E. Broad Street
> Richmond, VA 23219

You must also mail a copy to:

Kimberly A. Taylor, Esq.
Kepley Broscious & Biggs, PLC
2211 Pump Road
Richmond, VA 23233

:       Attend a hearing scheduled for **July 25, 2018 at 10:00 a.m.** in
Courtroom 5100, 701 E. Broad Street, Richmond, Virginia.

If you or your attorney do not take these steps, the Court may decide
that you do not oppose relief sought in the motion and may enter an order
granting that relief.

**HARRY SHAIA, JR., TRUSTEE**

*/s/ Kimberly A. Taylor*
By_____
Counsel

William A. Broscious, VSB #27436
Kimberly A. Taylor, VSB #29823
KEPLEY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Richmond, VA 23233
(757) 636-9826
(804) 741-6175 (Facsimile)
ktaylor@kbbplc.com

*Counsel for the Trustee*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2018, I will electronically file the
foregoing using the CM/ECF system, which will send a notification of the filing
to all parties receiving electronic notification, including counsel for the Debtors
and the Office of the U.S. Trustee.  I further certify that I will mail the
document by U.S. mail to the following non-filing users:

Robert M. Beltrami
31010 Holland Drive
Franklin, Virginia 23851

*/s/ Kimberly A. Taylor*