William A. Broscious, VSB #27436
Kimberly A. Taylor, VSB #29823
KEPLEY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Richmond, VA 23233
(804) 741-0400 x202
(804) 741-6175 (Facsimile)

*Counsel for the Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**In re:**

| | |
|---|---|
| **DIGITAL INK, INC., and** | **Case No. 18-30056 KLP** |
| **CHRISTOPHER DAVID McGINNIS,** | **Chapter 7** |
| **Debtors.** | **(Jointly Administered)** |

## MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT

Harry Shaia, Jr., in his capacity as Chapter 7 Trustee for the bankruptcy estate of Christopher David McGinnis ("McGinnis"), by counsel and pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, moves the Court to approve the compromise and settlement of the Trustee's claims against Gabrielle Ragland ("Ragland"). In support of his motion, the Trustee states:

## PRELIMINARY STATEMENT

The Trustee commenced Adversary Proceeding No. 19-03019 KLP by filing a Complaint on February 12, 2019, against Ragland to recover transfers from Debtor McGinnis to Ragland as part of a scheme to hinder, delay or defraud his creditors. In response to the Complaint, Ragland filed an answer denying all liability. The parties engaged in discovery; the deadline for which has now passed. The case has been set for trial on July 23, 2019.

## JURISDICTION

1.     The Court's jurisdiction to consider this motion arises under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding as defined by 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.     On May 31, 2017, Debtor McGinnis filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

3.     Harry Shaia, Jr. was appointed interim trustee in the Case and he continues to serve in that capacity.

## THE COMPROMISE AND SETTLEMENTS

4.     After substantial discussions and arms-length negotiations conducted in good faith, the Trustee and Ragland have reached an agreement to resolve the adversary proceeding; the agreement is embodied in the Settlement Agreement attached as **Exhibit A** (the "Settlement Agreement").

## MEMORANDUM OF LAW

5.     "To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). In determining whether to approve a compromise, the Court must look at various factors and determine whether the compromise is in the best interest of the estate and whether it is fair and equitable to the

creditors of the estate. *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997).

These factors include: (a) the probability of success in litigation; (b) the

potential difficulties, if any, in collection; (c) the complexity of the litigation

involved and the expense, inconveniences and delays necessarily attending it;

and (d) the paramount interest of the creditors. *Id.* These factors help the Court

determine whether it should approve the proposed compromise as fair and

equitable to the creditors of the estate. *Martin v. Kane (In re A & C Prop.)*, 784

F.2d 1377 (9th Cir. 1986); *Drexel, Burham, Lambert, Inc. v. Flight Transp. Corp.

(In re Flight Transp. Corp. Sec. Litig.)*, 730 F.2d 1128 (8th Cir. 1984); *In re

Jackson Brewing Co.*, 624 F.2d 605 (5th Cir. 1980); *see also In re Austin*, 186

B.R. 397 (Bankr. E.D. Va. 1995) (discussing factors to approve settlements).

6.    Ragland has agreed to pay the Trustee a minimum of $35,000 to a

maximum of $55,000 to settle the case as follows:  $10,000 within 30 days of

the effective date of the Settlement Agreement and an additional $25,000 on or

before December 31, 2019.  If she does not pay a total of $35,000 by that date,

the settlement amount will increase by $5,000 per month up to a maximum

settlement amount of $55,000.  Ragland's settlement obligations will be

secured by a deed of trust on certain rental property that she owns in

Petersburg, Virginia.

7.    Although the Trustee alleges avoidable transfers in excess of the

proposed settlement amount, the probability of obtaining a judgment in the full

amount alleged is outweighed by the significant additional legal expenses in connection with the adversary proceeding if it proceeds to trial and the uncertainty of collecting a judgment for the full amount.  The Settlement Agreement permits the Estate to avoid these costs and provides for some certainty to the Estate.  These factors, along with Ragland's willingness to secure her obligations to the Trustee and to cooperate in a related adversary proceeding, favor approval of the Settlement Agreement attached as <u>Exhibit A</u>.

8.      In light of the above considerations, the Court should approve the Settlement Agreement as being in the best interest of the Estate and as being fair and equitable.

## **NOTICE OF MOTION**

9.      Bankruptcy Rule 9019(a) provides that a Court may approve a compromise or settlement "after notice and a hearing."  Bankruptcy Rule 2002(a)(3) provides a twenty-one (21) days-notice by mail of the hearing to approve a compromise or settlement of a controversy, unless the Court approves a shortening of the notice period.  A separate notice of this Motion and the hearing hereon shall be filed and served on all of the creditors in these jointly administered cases, as well as other persons indicated in Rule 2002.

## REQUESTED RELIEF

**WHEREFORE**, the Trustee respectfully requests that the Court enter an

order approving the Settlement Agreement, and granting such other and

further relief as the Court deems appropriate.

**HARRY SHAIA, JR., TRUSTEE**

*/s/ Kimberly A. Taylor*

By_____

Counsel

Kimberly Ann Taylor, VSB #29823
William A. Broscious, VSB #27436
Counsel for the Trustee
Kepley Broscious & Biggs, PLC
2211 Pump Road
Richmond, VA 23233
Phone:  (757) 636-9826
Fax:  (804) 741-6175
ktaylor@kbbplc.com

## LOCAL BANKRUPTCY RULE 2002-1 CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2019, I will electronically file the
foregoing with the Clerk of the Court using the CM/ECF system, which will
then send a notification of such filing to all parties who have entered an
appearance in this matter.  I further certify that a true copy of the foregoing
was sent by U.S. Mail to the debtor and all other parties on the list attached
hereto, including all creditors with both of the jointly administered cases:

*/s/ Kimberly A. Taylor*

_____

# SERVICE LIST

Christopher David McGinnis
P.O. Box 191
Petersburg, VA 23804

Digital Ink., Inc.
P.O. Box 191
Petersburg, VA 23804

Hunter R. Wells
Canfield, Wells & Kruck, LLP
4124 E. Parham Road
Henrico, VA 23228

Harry Shaia, Jr
Spinella, Owings & Shaia, P.C.
8550 Mayland Drive
Richmond, VA 23294

W. Scott Dillard, II
Spinella, Owings & Shaia PC
8550 Mayland Drive
  Richmond, VA 23294

John P. Fitzgerald, III
Office of the US Trustee - Regio
701 E. Broad Street, Ste. 4304
Richmond, VA 23219-1849

Robert Van Arsdale
Shannon Pecoraro
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia PA 19101-7346

City of Richmond City Hall
Room 109 Delinquent Taxes
900 East Broad Street
Richmond VA 23219-1907

Ally Financial
PO Box 130424
Roseville MN 55113-0004

American Express Bank, FSB
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Chesapeake Bank
c/o Robert H. Chappell, Esq.
Spotts Fain
411 E. Franklin St., Ste 600
Richmond, VA 23219-2200

Chesterfield County Dept of Utilities
Attn: Laura Saxon
PO Box 608
Chesterfield VA 23832-0009

CJW Medical Center
Resurgent Capital Services
PO Box 1927
Greenville, SC 29602-1927

Elizabeth River Tunnels
700 Port Centre Pkwy
Suite 2B
Portsmouth, VA 23704-5901

Fox Bindary, Inc
c/o The Eliades Law Firm, PLLC
14000 N Enon Church Road
Chester, VA 23836-3312

Kevin Harrison
9460 Amerdale Dr., Ste C
Richmond, VA 23236

Loc Pfeiffer, Esq.
Kutak Rock LLP
901 E. Byrd Street, Ste 1000
Richmond, VA 23219

Mailing Services of Virginia
PO Box 7664
Charlottesville, VA 22906

MCV Associated Physicians
PO Box 91747
Richmond, VA 23291-1747

Rehabilitation Associates PC
c/o Gregory K. Pugh, P.C.
2404 Princess Anne Road
Virginia Beach, VA 23456-3409

Richmond Ambulance Authority
2400 Hermitage Road
Richmond, VA 23220-1200

Sterling Jewelers Inc
dba Jared Galleria of Jewelry
c/o Weltman, Weinberg & Reis Co.
323 W. Lakeside Avenue
Cleveland, OH 44113-1085

Systems & Services Technologi
4315 Pickett Road, Bkcy. Dept.
St. Joseph, MO 64503-1600

UVA Physician's Group
PO Box 744123
Atlanta, GA 30374-4123

Wells Fargo Bank, N.A.
Wells Fargo Card Services
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

Wilson Paper Comp
c/o Law Ofc of R. Bruce Fickley
PO Box 4005
Roanoke, VA 24015-0005

Wilson Paper Comp
PO Box 4005
Roanoke, VA 24015-0000

Heidelburg USA, Inc.
c/o Greenberg Law Firm
PO Box 240
Roanoke, VA 24002

7

# EXHIBIT A

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("<u>Agreement</u>") is entered into as of the date of the last signature below (the "<u>Effective Date</u>"), by and between Harry Shaia, Jr., bankruptcy trustee for the bankruptcy estate of Christopher David McGinnis, and Gabrielle Ragland.

**WHEREAS,** Harry Shaia, Jr. (the "<u>Trustee</u>") is the duly appointed Chapter 7 Trustee for the bankruptcy estate of Christopher David McGinnis (the "<u>Debtor</u>") in Bankruptcy Case No. 17-32815-KLP, which is currently pending in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "<u>Bankruptcy Court</u>"); and

**WHEREAS**, Gabrielle Ragland ("Ms. Ragland") is the recipient of certain of the Debtor's assets that were transferred to her by or on behalf of the Debtor (the "<u>Transfers</u>"); and

**WHEREAS**, the Trustee has filed an Adversary Proceeding in the Bankruptcy Court captioned *Harry Shaia, Jr., Trustee v. Gabrielle Ragland,* Adv. Pro. No. 19-03019-KLP (the "<u>Adversary Proceeding</u>") against Ms. Ragland seeking to avoid the allegedly fraudulent Transfers; and

**WHEREAS**, Ms. Ragland denies the Transfers were fraudulent or avoidable and further denies all liability in regards to the matters alleged in the Adversary Proceeding; and

**WHEREAS**, the parties wish to resolve and settle all disputes between them with respect to the Adversary Proceeding and the Transfers, as provided herein;

**NOW, THEREFORE**, in consideration of the foregoing and the mutual undertakings of the parties as set forth herein, the parties agree as follows:

1.    **SETTLEMENT PAYMENT**. In settlement of the Adversary Proceeding, Ms. Ragland shall pay a minimum of $35,000.00 to a maximum of $55,000.00, to be calculated and paid as follows (the "Settlement Amount"). Within 30 days of the Effective Date, Ms. Ragland shall pay the sum of $10,000.00 (the "<u>Initial Settlement Payment</u>"). Ms. Ragland shall pay an additional $25,000.00 on or before December 31, 2019. If Ms. Ragland fails to pay a total of $35,000.00 on or before December 31, 2019, then the Settlement Amount shall be increased by $5,000.00 on the first of each month, starting January 1, 2020, until a maximum of $55,000.00 is reached on April 1, 2020. Thereafter, the unpaid balance of the Settlement Amount shall accrue interest at the rate of 5% *per annum.* The Initial Settlement Payment and all subsequent payments shall be made in immediately available funds by check payable to Harry Shaia, Jr.,

Trustee for the estate of Christopher David McGinnis, and delivered to Kimberly Taylor, Kepley Broscious & Biggs, PLC, 2211 Pump Road, Richmond, VA 23233.

2. **DEED OF TRUST; REPRESENTATION, WARRANTY AND COVENANT REGARDING LIENS.** Ms. Ragland shall duly execute and deliver to the Trustee a deed of trust, substantially in the form of **Exhibit A**, on the property commonly known as "536 Virginia Ave., Petersburg, Virginia" (the "Property") to secure her obligations under Paragraph 1 above (the "Deed of Trust"). Ms. Ragland hereby represents and warrants that there are no liens on the Property as of the Effective Date and further covenants and agrees that there will be no recorded liens on the Property at the time of its recordation. The Deed of Trust shall be released at the Trustee's expense upon payment of the Settlement Amount.

3. **CONDITIONS PRECEDENT TO SETTLEMENT.** The Agreement will become effective upon occurrence of all of the following conditions (the "Effectiveness Conditions"): (a) the Parties each execute the Agreement; (b) the Initial Settlement Payment is received by the Trustee pursuant to the terms of Paragraph 1 above; (c) the Deed of Trust is received by the Trustee and the representations regarding lien status are accurate, all pursuant to the terms of Paragraph 2 above; and (d) there are no receivership or bankruptcy proceedings under any of the chapters of Title 11 of the United States Code commenced against Ms. Ragland during the ninety-day period following the Trustee's receipt of the Initial Settlement Payment and the due recordation of the Deed of Trust, whichever event is later (the "Preference Period").

4. **DISMISSAL OF THE ADVERSARY PROCEEDING.** Upon the occurrence of the Effectiveness Conditions, the Trustee shall consent to the entry of a final order dismissing the Adversary Proceeding, with prejudice. On or before of the Effective Date, the Trustee shall inform the Bankruptcy Court that the parties have reached a settlement agreement and request that the Adversary Proceeding be stayed during the Preference Period.

5. **DUTY TO COOPERATE.** Ms. Ragland shall cooperate, reasonably and in good faith, with the Trustee to support his prosecution of claims in the adversary proceeding pending in the Bankruptcy Court captioned *Harry Shaia, Jr., Trustee v. BMST, Inc.*, Adv. Pro. No. 18-03098-KLP. Such cooperation shall include, but not be limited to, giving deposition and trial testimony, executing declarations, appearing for interviews and producing and authenticating documents.

6. **RELEASE AND WAIVER OF FURTHER CLAIMS.** Upon the occurrence of the Effectiveness Conditions, the Trustee shall forever release and discharge all claims against Ms. Ragland arising from or related to the Transfers, or which were or could have been raised in the Adversary Proceeding.

2

7.    **BANKRUPTCY COURT APPROVAL**.  This Agreement and all terms and conditions of this Agreement are contingent upon the approval of the Bankruptcy Court.

8.    **RECITALS**.  To the extent necessary, the recitals to this Agreement and the definitions found therein are hereby incorporated by reference.

9.    **GOVERNING LAW**.  The laws of the Commonwealth of Virginia shall govern this Agreement and all terms and conditions of this Agreement.

10.    **JURISDICTION**.  The parties consent to the personal jurisdiction of the Commonwealth of Virginia and agree that exclusive venue for any actions arising out of the Agreement shall lie in the Bankruptcy Court.

11.    **INTEGRATION**.  This Agreement contains the entire agreement between the parties in relation to matters described herein, and no inducements or promises other than as expressly set forth herein have been given or received in return for it.  All negotiations leading up to this Agreement are merged herewith and shall not be the basis for any legal rights, claims or defenses in relation to any litigation or otherwise.

12.    **AMENDMENTS**.  The parties may amend this Agreement only in a writing, signed by all of the parties and approved by the Bankruptcy Court.

13.    **NO ADMISSION OF LIABILITY**.  This Agreement is entered as an expedient and cost-effective alternative to costly litigation and is entered without admission of liability and/or legal obligation by the parties hereto, all of which liability and legal obligation is expressly denied.

14.    **WAIVER**.  No rights under this Agreement may be effectively waived, except as waived herein or as waived in a separate writing signed by the beneficiary of the right to be waived.

15.    **BINDING UPON SUCCESSORS AND ASSIGNS**.  This Agreement is binding upon the heirs, successors and assigns of the parties, and inures to the benefit of the heirs, successors, and assigns of the parties.

16.    **COUNTERPARTS**.  This Agreement may be executed in two copies, each of which shall be deemed an original.

**IN WITNESS WHEREOF**, the parties have set their hands and seals as of the date written below.

**GABRIELLE RAGLAND**

_____

Date:

**HARRY SHAIA, JR.**, Trustee for the
**bankruptcy estate of Christopher David**
**McGinnis**

_____

Date: July 11, 2019

4

**IN WITNESS WHEREOF**, the parties have set their hands and seals as of the date written below.

**GABRIELLE RAGLAND**

Date: 7/15/19

**HARRY SHAIA, JR.,** Trustee for the
**bankruptcy estate of Christopher David**
**McGinnis**

Date:

4

# EXHIBIT A

Prepared by and Return To:
F. Lewis Biggs, Esq.
VSB #40386
Kepley Broscious & Biggs, PLC
2211 Pump Road
Richmond, Virginia 23233-3507

Tax Parcel No.: 045-110001

**THIS IS A CREDIT LINE DEED OF TRUST**. For the purposes of Virginia Code § 55-58.2, the maximum aggregate amount of principal to be secured at any one time by this Deed of Trust is **$55,000**. The name of the noteholder secured by this Deed of Trust is Harry Shaia, Jr., Chapter 7 Trustee for the bankruptcy estate of Christopher David McGinnis. The address to which communications may be mailed or delivered to noteholder is c/o Kepley Broscious & Biggs, PLC, 2211 Pump Road, Richmond, Virginia, Attn: Kimberly A. Taylor, Esq.

# CREDIT LINE DEED OF TRUST, ASSIGNMENT OF RENTS AND LEASES, SECURITY AGREEMENT AND FIXTURE FILING
### (City of Petersburg, Virginia)

This **CREDIT LINE DEED OF TRUST, ASSIGNMENT OF RENTS AND LEASES, SECURITY AGREEMENT, AND FIXTURE FILING** (this "Deed of Trust"), dated as of July __, 2019, is from **GABRIELLE RAGLAND**, an individual, as trustor ("Trustor" or "Grantor"), whose address is 536 Virginia Ave., Petersburg, VA 23803, to **KEPLEY BROSCIOUS & BIGGS, PLC**, a Virginia professional limited liability company, as trustee ("Trustee"), whose address at 2211 Pump Road, Richmond, Virginia, in trust for the benefit of **HARRY SHAIA, JR., Chapter 7 Trustee for the bankruptcy estate of CHRISTOPHER DAVID MCGINNIS**, and successor trustee(s) for such estate, as beneficiary ("Bankruptcy Trustee" or "Beneficiary"), whose address is set forth above, and recites and provides:

WITNESSETH:

WHEREAS, Trustor is the fee simple owner of an improved parcel of real estate located at 536 Virginia Ave., Petersburg, Virginia, having an abbreviated legal description of LT 8 PILCHER SUBD, and being more particularly described on Exhibit A attached hereto (the "Property"); and

WHEREAS, pursuant to a Settlement Agreement (the "Settlement Agreement") dated _____ __, 2019 between Bankruptcy Trustee and Trustor, Trustor has agreed to pay Bankruptcy Trustee up to **$55,000** in one or more installments (together, the the "Settlement Payments"), together with interest that may accrue thereon and other amounts set forth in the Settlement Agreement, in exchange for Bankruptcy Trustee's agreement to dismiss an adversary proceeding; and

WHEREAS, Bankruptcy Trustee is unwilling to enter into the Settlement Agreement without this grant of the Property as collateral to secure the Settlement Payments; and

WHEREAS, all capitalized but undefined words used herein have the meanings given them in the Settlement Agreement; and

NOW, THEREFORE, in accordance with the terms of the Settlement Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Trustor hereby grants and conveys the Property to Trustee with GENERAL WARRANTY AND ENGLISH COVENANTS OF TITLE;

TOGETHER WITH (and the term, "Property" includes, without limitation) the following, whether now owned or hereafter acquired: (a) all buildings and other improvements now or hereafter located on or erected on the Property (the "Improvements"); (b) all rights, appurtenances, easements, privileges, remainders and reversions now or hereafter appertaining thereto; (c) all fixtures, appliances, equipment, and any other articles of property now or at any time hereafter affixed to or attached to the Property; (d) all proceeds of the conversion (whether voluntary or involuntary) of any of the foregoing into cash or liquidated claims including, without limitation, proceeds of insurance and condemnation awards; (e) all easements, rights-of-way, strips and gores of land, vaults, streets, ways, alleys, passages, sewer rights, waters, water courses, water rights and powers, shrubs, crops, trees, timber and other emblements now or hereafter located on the Property or under or above the same or any part thereof, and (f) all estate, rights, titles, interests, minerals, royalties, easements, privileges, liberties, tenements, hereditaments and appurtenances, reversion or reversions, remainder or remainders whatsoever, in any way belonging, relating or appertaining to the Property, the Improvements or any part thereof, or which hereafter in any way belongs, relates or is appurtenant thereto, whether now owned or hereafter acquired by Trustor;

IN TRUST to secure the Settlement Payments and Trustor's other obligations under the Settlement Agreement, together with all modifications, renewals, replacements, and/or substitutions thereof, and all of the duties, obligations, debts, and liabilities of every kind and description owing by Trustor under the such Settlement Agreement, whether now existing or hereafter incurred, whether matured or unmatured, direct or indirect, secured or otherwise unsecured, original, extended, or renewed, absolute or contingent, whether originally contracted with or acquired by Bankruptcy Trustee, whether contracted alone or jointly and/or severally with others, whether or not evidenced by negotiable instruments or other writings and any renewals, extensions, or substitutions thereto, and including, but not limited to, all future advances made by Bankruptcy Trustee to or for the benefit of Trustor pursuant to the terms of this Deed of Trust, the Settlement Agreement and/or applicable laws (collectively, the Indebtedness");

In addition, to secure the Settlement Agreement and Indebtedness, Trustor grants to Bankruptcy Trustee a security interest in all equipment and fixtures now or hereafter owned by Trustor, and now or hereafter constituting Property or attached or affixed to or located at or on or used in connection with Property, together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any such property, and all proceeds (including, but not limited to, all insurance proceeds and refunds of premiums) from any sale or other disposition of such personal property, to secure the Indebtedness.

In addition, to secure the Settlement Agreement and Indebtedness, Trustor hereby irrevocably and absolutely assigns to Bankruptcy Trustee all leases related to the Property and all revenues, royalties, security deposits, rents, issues and profits from the Property and/or those leases (collectively, "Rents"). Unless and until Bankruptcy Trustee exercises its right to collect the Rents as provided below and so long as there is no Event of Default under this Deed of Trust, Trustor may remain in possession and control of and operate and manage the Property and collect the Rents, provided that the granting of the right to collect the Rents shall not constitute Bankruptcy Trustee's consent to the use of cash collateral in a bankruptcy proceeding.

Some of the items of the Property described herein are goods that are or are to become fixtures related to the land on which such fixtures are located, and it is intended that, as to those goods, this Deed of Trust shall be effective as a financing statement filed as a fixture filing from the date of its filing for record in the applicable real estate records. Information concerning the security interest created by this instrument

may be obtained from Bankruptcy Trustee, as secured party, at the address of Bankruptcy Trustee stated above. The mailing address of Trustor, as debtor, is as stated above.

Trustor further agrees, and this Deed of Trust further provides, as follows:

1.    Representations, Warranties and Covenants of Trustor; Due on Sale.  Trustor (a) makes the covenants and agrees to the duties, rights and obligations set forth in Virginia Code § 55-59; (b) represents and warrants that she is and will be materially benefited by the Settlement Agreement; and (c) covenants that she will timely pay or perform her obligations under the Settlement Agreement and this Deed of Trust.  The following sentence will apply to the extent permitted by applicable laws:

> In the event that Trustor sells, conveys, assigns, or otherwise transfers the Property, or any portion thereof, except with the prior written consent of Bankruptcy Trustee (which consent need not be given and may be conditioned upon such modification of the terms of the obligations secured hereby and the payment of such fees and other charges as Bankruptcy Trustee may in its sole discretion require), then Bankruptcy Trustee may immediately accelerate the Settlement Payments and declare all or any part of the Indebtedness due and payable in full.

**NOTICE - THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.**

Nothing in this Deed of Trust or the Settlement Agreement is intended to, or should be construed to, prohibit the further encumbrance of the Property in violation of Virginia Code § 6.2-416.

2.    Default; Remedies; No Waiver.  As used in this Deed of Trust, the term "Event of Default" means the occurrence of any one or more of the following events: (a) Trustor's failure to make the Initial Settlement Payments under paragraph 1 of the Settlement Agreement when due, time being of the essence, (b) Trustor's failure to pay any other amounts due under paragraph 1 of the Settlement Agreement on or before **April 1, 2020**, time being of the essence, and/or (c) any other default or breach by Trustor under the this Deed of Trust and/or the Settlement Agreement.  Upon the occurrence of an Event of Default, Bankruptcy Trustee and/or Trustee will have the right to accelerate immediately the Settlement Payments and to exercise its/his/her rights and remedies granted by the provisions hereof, the Settlement Agreement, and applicable law, including, but not limited to, any one or more of the following from time to time:  (i) selling the Property by foreclosure; (ii) taking possession of the Property (with or without a receiver), and/or (iii) collecting Rents.  No delay by Bankruptcy Trustee or by Trustee in exercising, and no failure to exercise any such right or remedy should be deemed a waiver of such right or remedy.

3.    [INTENTIONALLY OMITTED]

4.    Insurance.  Trustor shall provide, obtain, maintain, and keep in full force and effect for the Property, during the term of this Deed of Trust insurance against loss to the Property by fire, hazards within the term "extended coverage" and such other hazards as Bankruptcy Trustee may require in such manner and in such amounts and by such companies as Bankruptcy Trustee may approve, with Bankruptcy Trustee named as loss payee.

Trustor shall promptly notify Bankruptcy Trustee and the appropriate insurer in writing of any loss covered by any of the above-mentioned types of insurance. Fifteen (15) days prior to the date the premium on each such policy shall become due and payable, Bankruptcy Trustee shall be furnished by Trustor with proof reasonably satisfactory to Bankruptcy Trustee of such payment or with a renewal or replacement policy with the premium fully paid thereon. Each such insurance policy is hereby deemed to be incident to the title to the Property and is hereby assigned and pledged as additional security for the indebtedness secured

hereby. If this Deed of Trust is foreclosed, the purchaser at the foreclosure sale shall become the sole and absolute owner of any and all such insurance policies with the sole right to collect and retain all unearned premiums thereon.

In the event of loss due to a risk insured under Trustor's hazard insurance policy applicable to the Property, Trustor shall immediately give written notice thereof to Bankruptcy Trustee, and Bankruptcy Trustee is authorized and empowered (but not obligated or required) to make proof of loss and to settle, adjust or compromise any claims for loss, damage or destruction under any policies of insurance required hereby. Each insurance company concerned is hereby authorized and directed to pay, provided that no Event of Default has occurred, all proceeds of insurance directly to Trustor and Bankruptcy Trustee jointly. If Bankruptcy Trustee notifies the insurance company in writing that Trustor is in breach or default hereunder or under the Settlement Agreement, the insurance company is hereby authorized and directed to pay all proceeds of insurance directly to the Bankruptcy Trustee. In the event of loss due to a risk insured under Trustor's hazard insurance policy applicable to the Property, insurance proceeds shall be applied first to the payment of all costs and expenses incurred by Bankruptcy Trustee in obtaining such proceeds, and the remainder of such proceeds shall, at the election of Bankruptcy Trustee, be applied (1) to the reduction of the indebtedness hereby secured in any order which Bankruptcy Trustee may determine, whether then matured or to mature in the future, and/or (2) to the restoration or repair of the Property in accordance with the provisions of this paragraph. In no event shall Bankruptcy Trustee be held responsible for failure to pay for any insurance required hereby or for any loss or damage growing out of a defect in any policy thereof or growing out of any failure of any insurance company to pay for any loss or damage insured against or for failure by Bankruptcy Trustee to affect such insurance or for failure to collect or to exercise diligence in the collection of any proceeds of any insurance required hereby. If Bankruptcy Trustee is required by the terms of this paragraph, or elects to apply any insurance proceeds to the restoration or repair of the Property, it shall not be liable for supervising such restoration or repair or for supervising the disbursement of such insurance proceeds therefor.

In the event that insurance proceeds are to be used to repair or restore the Improvements, said proceeds shall be deposited with Bankruptcy Trustee and used to repair or restore the Improvements subject to reasonable requirements specified by the Bankruptcy Trustee.

5.      Governing Law; Incorporation by Reference. This Deed of Trust will be governed by the applicable laws of the Commonwealth of Virginia. The following provisions of Virginia Code §§ 55-59.2 and 55-60 are hereby incorporated herein by reference:

Advertisement required: Sale to be for cash or on terms suitable to Trustee in its discretion at such place as Trustee may select, after first advertising the time, place, and terms of sale once per week for two consecutive weeks in some newspaper having a general circulation in the locality in which the property is located.

Exemptions waived.

Subject to call upon default.

Renewal, extension or reinstatement permitted.

Any Trustee may act alone.

6.      Cumulative Rights and Remedies. No right or remedy provided to Bankruptcy Trustee by this Deed of Trust, applicable law, or any other document executed by Trustor in connection with any Settlement Agreement is intended to be exclusive of any other right or remedy, and each such right and remedy

will be cumulative. Bankruptcy Trustee may exercise any such right or remedy at any time and in whatever order it desires.

7.      Trustee's Acts; Substitution of Trustee. Trustee will not be required to see that this Deed of Trust is recorded and will not be liable for the default or misconduct of any agent or attorney appointed by it pursuant to this Deed of Trust, or for any action taken in connection with this Deed of Trust, except willful and wrongful misconduct or gross negligence. Trustee may act upon any instrument or paper believed by it in good faith to be genuine and to be signed by the proper party or parties, and will be fully protected for any action taken or suffered by it in reliance thereon. Bankruptcy Trustee has the power, to be exercised at any time or times, with or without cause and with or without notice, to substitute a trustee or trustees in place of Trustee, by an instrument in writing duly executed, acknowledged, and recorded among the land records of the jurisdiction where the Property is located, and all the right, title, and interest of Trustee hereunder will be vested in Trustee or trustees named as his successor or successors, who will have the same powers, rights, and duties which Trustee so superseded had under this Deed of Trust. Any exercise of Bankruptcy Trustee's right to appoint a successor trustee, no matter how often exercised, will not be deemed an exhaustion of such right.

8.      Authorizations and Waivers. Trustor authorizes Bankruptcy Trustee, without notice or demand and without affecting its liability hereunder or the liens granted hereby, from time to time, to (a) extend or renew or otherwise modify the terms of Settlement Payments or, with the written consent of Trustor, modify the terms of the Settlement Agreement, notwithstanding the fact that any extension, renewal, or modification may be for a period or periods in excess of the original term thereof; (b) [INTENTIONALLY OMITTED]; (c) permit the substitution of any security for the Settlement Payments; (d) [INTENTIONALLY OMITTED]; (e) grant any indulgence or forbearance whatsoever regarding the Settlement Payments or other indebtedness secured hereby; (f) fail to act with diligence and/or delay in the collection or enforcement of the Settlement Payments; and (g) otherwise modify, restructure, or recast the Settlement Agreement with the written consent of Trustor. Trustor covenants and agrees that this Deed of Trust, the liens created hereby, and any remedy for the enforcement hereof shall not be impaired, modified, changed, released, or limited in any manner whatsoever by the operation of any present or future provision of the United States Bankruptcy Code, as amended, or any other statute, or from the decision of any court, or the granting of relief in bankruptcy on behalf of Trustor. Trustor waives all rights of or to presentments, demands for performance, notices of nonperformance, protest, notices of protest, notices of dishonor, and notices of acceptance of this instrument and of the existence, creation, or incurring of new or additional indebtedness of Trustor. Trustor waives its right to trial by jury. Bankruptcy Trustee may apply amounts collected or paid to it to the Settlement Agreement and/or the other debts/obligations secured hereby in such proportions as Bankruptcy Trustee deems appropriate, and Bankruptcy Trustee will not be required to apply such amounts *pro rata*, *parri passu*, or in any other manner.

9.      Further Assurances. Trustor shall execute such documents and perform such acts, and shall use reasonable efforts to cause third parties to execute such documents and perform such acts, as may reasonably be required by Bankruptcy Trustee for the purpose of giving full effect to this Deed of Trust.

10.     Miscellaneous. Trustor acknowledges and agrees that the Property is investment property and not her personal residence and that the indebtedness is no consumer debt. If any provision of this Deed of Trust or any other Settlement Payments Document is prohibited or held invalid by applicable law, that provision will be ineffective only to the extent of such prohibition or invalidity without invalidating either the remainder of such provision or the remainder of such documents. This Deed of Trust will be binding upon and inure to the benefit of the parties hereto and their respective heirs, legal and personal representatives, administrators, executors, successors and assigns and any descriptive term used herein includes such heirs, legal and personal representatives, administrators, executors, successors and assigns. Trustee and Bankruptcy Trustee have the right to inspect the Property at such reasonable time or times, as they may desire, either in person or through their duly authorized agents or representatives. Any notice required

or permitted by or in connection with this Deed of Trust must be in writing. This Deed of Trust is to be governed by the laws of the Commonwealth of Virginia. Bankruptcy Trustee and Trustee (with the permission of Bankruptcy Trustee) may grant any extension, forbearance, or other indulgence, may release any part of the Property from the lien hereof, and may release any person from liability without affecting the personal liability of any other person for payment of indebtedness secured hereby or the lien hereof. The remedies of Trustee and/or Bankruptcy Trustee as provided herein and in the documents executed in connection herewith are cumulative and concurrent, and may be pursued singularly, successively, or together at the sole discretion of Trustee and/or Bankruptcy Trustee, and may be exercised as often as occasion therefor occurs, and the failure to exercise any such right or remedy should in no event be construed as a waiver or release thereof. This Deed of Trust may not be amended or altered except by a writing signed by Bankruptcy Trustee and Trustor.

[SIGNATURES AND NOTARIAL ACKNOWLEDGMENTS ON NEXT PAGES]

WITNESS the following duly authorized signature as of the day, month, and year first above written.

Trustor:

GABRIELLE RAGLAND

STATE OF Virginia

CITY/COUNTY OF Colonial Heights, to-wit:

The foregoing Instrument was acknowledged before me on 15 July, 2019, by GABRIELLE RAGLAND.

Notary Public
My commission expires: 7503581
Notary Registration No. 12\31\20

[NOTARIAL SEAL]

Page 7

EXHIBIT A

<u>LEGAL DESCRIPTION</u>

All of those lots or parcels of real estate located in City of Petersburg, Virginia, and more particularly de-
scribed as follows: