William A. Broscious, Esquire (VSB #27436)
Kimberly A. Taylor, Esquire (VSB #29823)
Kepley Broscious & Biggs, PLC
2211 Pump Road
Richmond, Virginia 23233
804.741.0400

*Counsel for the Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **DIGITIAL INK, INC., and** | ) | Case No. 18-30056-KLP |
| **CHRISTOPHER DAVID MCGINNIS,** | ) | **Chapter 7 (Jointly Administered)** |
| | ) | |
| Debtors. | ) | |
| | ) | |
| **HARRY SHAIA, JR., TRUSTEE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | APN: 18-03098 KLP |
| | ) | |
| **BMST, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## TRUSTEE'S MEMORANDUM IN RESPONSE TO
## DEFENDANT'S MOTION TO DISQUALIFY

Harry Shaia, Jr., Trustee (the "**Trustee**"), by counsel, opposes the motion [*doc. no. 75*] (the "**Defendant's Motion**") filed by BMST, Inc. (the "**Defendant**"), in which it seeks to "disqualify" pursuant to Bankruptcy Code §324: (1) the Trustee in the jointly administered bankruptcy cases (the "**Jointly Administered Cases**") of Christopher David McGinnis ("**McGinnis**") and Digital Ink, Inc. ("**DII**" and jointly with McGinnis, the "**Debtors**"), and (2) the law firm of Kepley Broscious & Biggs, PLC (the "**Law Firm**"), which represents the Trustee in the Jointly Administered Cases and this Adversary Proceeding (collectively, the "**Proceedings**"). This memorandum explains why the Court should summarily deny the Defendant's Motion.

## *Introduction*

The Court's *sua sponte* decision to conduct a hearing affording the Trustee an opportunity to address the Court's concern about a possible conflict of interest is entirely appropriate. The Defendant's Motion, however, is not.

In its stunningly ironic motion, the Defendant – which in concert with the Debtors has actually injured and defrauded the creditors of the Debtors' bankruptcy estates – asks this Court to remove the Trustee and the Law Firm because they are diligently seeking to enlarge the estates of both Debtors by holding the Defendant accountable for its fraud. As so eloquently described by the Minnesota Bankruptcy Court, the Defendant is like other litigants who "do not come forward as neutral distanced friends of the abstract value in the administration of bankruptcy estates, as their rhetorical rectitude would suggest. Rather, they project a powerful self-interest onto the strategic plane." *In re Petters*, 401 B.R. 391, 401 (Bankr. D. Minn. 2009).

Having repeatedly tried to prevent the McGinnis estate claims from being asserted in the Adversary Proceeding, the Defendant now attempts to use the sledge hammer of Bankruptcy Code §324(a) to have Mr. Shaia removed from all cases in which he currently serves as Chapter 7 trustee. Being neither a debtor nor creditor of either estate, the Defendant has no standing to seek removal of the Trustee. Its motive for doing so is both obvious and objectionable. Without question, the Defendant does not seek to benefit or protect the creditors of the estates. Actual creditors, on the other hand, support the Trustee and his prosecution of the Adversary Proceeding.[1]

---

[1] Wilson Paper Company, an unsecured creditor holding claims that appear to be the second largest in both the McGinnis estate and the DII estate, contacted the Law Firm after receiving the Defendant's Motion to express its support for the Trustee's continued prosecution of this Adversary Proceeding. Another creditor, Robert Sydnor, of both McGinnis and DII, also contacted the Law Firm, after receiving the Defendant's Motion. That creditor, the former landlord of the premises at which the DII business was conducted both before and after the fraudulent transfer subject to this Adversary Proceeding, also supports the Trustee's efforts in prosecuting this Adversary Proceeding.

The Trustee and the Law Firm welcome the Court's review and inquiries. There is no "cause" to remove the Trustee and the Law Firm from the Proceedings under Bankruptcy Code §324(a) or under any other applicable law. As will be demonstrated more completely in a separate memorandum addressing the concerns raised by the Court, there is no actual conflict of interest at this time arising from the Trustee's continued administration of the Jointly Administered Cases under counsel of the Law Firm. The Trustee is fulfilling his fiduciary duties as Chapter 7 trustee for both the bankruptcy estates by his ongoing and rigorous efforts to enlarge the estates through prosecution of this Adversary Proceeding.

## *Background*

The core facts relevant to the Adversary Proceeding are as follows. McGinnis owned and operated a printing business with DII. DII was profitable, making substantial amounts of money during the general election years, especially the presidential election season every fourth year (including 2016). McGinnis, in active concert with DII and the Defendant, sought to shield those profits from creditors, including his spouse with whom he was engaged in bitter divorce and support proceedings. McGinnis and DII caused the profitable business to be transferred to the Defendant. McGinnis maintains an interest in the business as general manager and the holder of a right of first refusal to reclaim the printing business.

In concert, McGinnis and the Defendant masked the true nature of the transfer, evidently to avoid precisely the current situation. The Defendant and McGinnis chose not to evidence the transfer by a single document - no purchase and sale agreement, no assignment, no bill of sale, not even a cocktail napkin with scribbled terms. The Defendant claims it merely purchased certain hard assets. That claim is belied by the extremely unusual employment agreement that BMST and McGinnis simultaneously entered into. McGinnis agreed to pay staggering liquidated damages ($750,000) should he walk away from the business before five years (and

3

two presidential cycles) had passed. McGinnis, not DII, would have to pay $750,000 even though McGinnis' contractual salary was $150,000 per year. And after five years, he has a right of first refusal to reclaim his business. Obviously, the Defendant and McGinnis contemplated that McGinnis' contribution to the business would be more than mere managerial expertise. The Defendant acquired more than merely DII's hard assets in the transfer.

Simply put, the reason the Trustee cannot at this time prove the precise nature of the assets transferred and identify the transferee(s) is that the Defendant and the Debtors intentionally covered their tracks. Further prosecution of the Adversary Proceeding should provide that evidence.

The Defendant, not the Trustee, holds an "interest materially adverse" to creditors. Like a wolf adorned in the ill-fitting clothes of a lamb, the Defendant is attempting to derail the Trustee's efforts to enlarge the estates and provide some relief to creditors. This Court should not allow the Defendant to exploit its own subterfuge in a fraud that substantially damaged the same creditors it purportedly is championing in its motion.

### *Removal of the Trustee*

A Chapter 7 trustee who fails to perform his duties is subject to removal by the court on a finding of "cause." *Bankruptcy Code §324(a)*. "Cause," which is not defined in the Bankruptcy Code, is examined on a case-by-case basis. *In re EquiMed, Inc.*, 267 B.R. 530, 532 (D. Md. 2001) (denying a removal motion filed by the petitioning creditors in an involuntary Chapter 7 case); *In re Modanlo*, 413 B.R. 262, 267 (Bankr. Md. 2009) (denying a removal motion filed by the debtor); *In re Tres-Ark, Inc.*, 483 B.R. 460, 466 (Bankr. W.D. Tex. 2012) (denying debtor's motion to remove Chapter 7 trustee).

"Cause" concerns matters of an extraordinary serious substance, generally "intentional misconduct or negligence by the trustee" *EquiMed* at 553, or "breach of fiduciary duty, unlawful

4

conduct, criminal conduct, conflict of interest or lack of due diligence," *In re Nettles*, 354 B.R. 90, 93 (Bankr. S.C. 2006) (denying a removal motion filed by a creditor who was the debtor's brother). For example, one court removed a Chapter 7 trustee who "consistently acted to advance his law firm's interests to the detriment of the Estate" by retaining his own law firm (of which his wife was a partner and designated "attorney-in-charge"), by shifting expenses (that were required to be borne under the engagement terms by the firm) to the estate, by filing a retaliatory lawsuit against a creditor who objected to the expense shifting that was designed to punish the creditor for acting against the trustee's law firm, by thereafter charging the estate for the five days travel expenses in connection with an appellate argument that he attended accompanied by his wife and their two children, and by inconsistently attempting to justify the expenses charged to the estate. *In re IFS Financial Corporation, et al.*, Case No. 02-39553, *et al.* (Bankr. S.D. Tex. May 13, 2013).

If a court removes a trustee under that section then the trustee "shall thereby be removed in all other cases … in which such trustee … is then serving unless the court orders otherwise." *11 U.S.C. §324(b)*. Because removal of a trustee raises serious issues with significant stakes, standing under Bankruptcy Code §324(a) should be limited to proper parties who have some interest in the debtor's estate, other than as a target of an avoidance action. The Defendant's motives are suspect and it has no legitimate reason to seek removal of the Trustee.

### *Removal of Counsel*

The Defendant furthers its attempts to derail the Trustee's efforts by seeking to remove the Law Firm as counsel of record to the Trustee under Bankruptcy Code §324(a). That request should be summarily dismissed because (i) Bankruptcy Code §324(a) does not apply to the Trustee's counsel, (ii) the Defendant does not proffer a single reason for dismissing the Law

Firm, and (iii) the Defendant's objection to the manner in which the Law Firm records time is a red herring.

The Defendant bases its request to remove the Law Firm as counsel of record upon Bankruptcy Code §324(a). By its plain terms, that section does not apply to professionals hired by the estate – it applies only to standing trustees and examiners. Bankruptcy Code §327 applies to the employment of professionals. The Defendant neither cites that section nor discusses any of the considerations set forth therein.

In fact, the Defendant does not offer a single reason justifying disqualification of the Law Firm as counsel of record. Presumably, the Defendant is tying the removal of the Law Firm with the removal of the Trustee. However, as will be demonstrated in a separate memorandum addressing the concerns raised by the Court, there is no actual conflict of interest at this time arising from the Trustee's continued administration of the Jointly Administered Cases.

The Defendant does raise objections to the manner in which counsel is recording its time. But those objections lack any merit, and ignore the fact that the Trustee is no stranger to his obligations as a Chapter 7 trustee of jointly administered bankruptcy estates.

The Trustee is fully aware of and experienced with the requirement under Bankruptcy Rule 2009(e) that he maintains separate accounts of the property of and distribution from the McGinnis estate and the DII estate. At the Trustee's instructions, the Law Firm separately categorizes the time spent on this Adversary Proceeding from the time spent on the Ragland adversary proceeding and issues of general bankruptcy administration. As directed by the Trustee, the Law Firm splits time spent on this Adversary Proceeding evenly between the McGinnis estate and the DII estate. Based on his many years of experience and in the sound exercise of his business judgment, the Trustee believes that the "split reporting" of the Law Firm's time concerning this Adversary Proceeding is the best practice until such time as there is

a determination concerning the identity of the debtor that transferred the DII business to the Defendant in fraud of creditors.

The Defendant conflates services "recorded" by a professional with services charged by a professional to an estate. Of course, there is a substantial difference, especially in Chapter 7 bankruptcy cases, between a professional "recording" services and a professional charging an estate those services. The Defendant's protest reveals a misapprehension of basic bankruptcy law governing the compensation and expenses reimbursement of professionals. An estate becomes obligated to pay for a professional's services only after the professional has complied with the express requirements of the Bankruptcy Code §330(a) and Bankruptcy Rule 2016(a), including filing an application "setting forth a detailed statement of the services rendered, time expended and expenses incurred, and the amount requested." And even then, the estate's obligation to pay the professional arises only after notice is delivered to "parties in interest and the Office of the United States Trustee," a hearing is held and the court determines whether the services rendered and the expenses incurred by the professional were both "actual" and "necessary" and the requested amounts "reasonable."

This Court is well-equipped to review any compensation and reimbursement applications that may be filed by the Law Firm in the Jointly Administered Cases. The Court hardly needs the assistance of the Defendant to review applications that have not been prepared, let alone filed, and which may not be filed unless the Trustee succeeds in avoiding the fraudulent transfer that the Defendant seeks to protect.

### *Conclusion*

There is no cause to disqualify the Trustee and/or the Law Firm, and the Defendant lacks standing to seek removal under Bankruptcy Code §324(a) or otherwise. Accordingly, the

Trustee respectfully requests that the Court enter an Order denying the Defendant's Motion and granting such other relief that is just and appropriate.

                    **HARRY SHAIA, JR., TRUSTEE**

                    By: /s/ *William A. Broscious*
                         Counsel

William A. Broscious, Esquire (VSB #27436)
Kimberly Ann Taylor, Esquire (VSB #29823)
Kepley Broscious & Biggs, PLC
2211 Pump Road
Richmond, VA 23233
Phone: 804.741.0400

    *Counsel for the Trustee*

## CERTIFICATE OF SERVICE

    I hereby certify that on August 2, 2019, the foregoing Trustee's Memorandum was sent by first-class mail, postage prepaid, to the following;

Robert Van Arsdale, Esquire
Shannon F. Pecoraro, Esquire
OFFICE OF THE UNITED STATES TRUSTEE
701 East Broad Street - Suite 4304
Richmond, Virginia 23219

Robert S. Westermann, Esquire
Franklin R. Cragle, III, Esquire
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500

Hunter R. Wells, Esquire
CANFIELD, WELLS & KRUCK LLP
4124 E. Parham Road
Henrico, Virginia 23228

and to those additional persons set forth on the attached service list.

                    /s/ *William A. Broscious*
                       Counsel

Christopher David McGinnis
P.O. Box 191
Petersburg, VA 23804

Digital Ink., Inc.
P.O. Box 191
Petersburg, VA 23804

Hunter R. Wells
Canfield, Wells & Kruck, LLP
4124 E. Parham Road
Henrico, VA 23228

Harry Shaia, Jr
Spinella, Owings & Shaia, P.C.
8550 Mayland Drive
Richmond, VA 23294

W. Scott Dillard, II
Spinella, Owings & Shaia PC
8550 Mayland Drive
Richmond, VA 23294

John P. Fitzgerald, III
Office of the US Trustee - Region 4 -R
701 E. Broad Street, Ste. 4304
Richmond, VA 23219-1849

Robert Van Arsdale
Shannon Pecoraro
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

Richmond Ambulance Authority
2400 Hermitage Road
Richmond, VA 23220-1200

Elizabeth River Tunnels
700 Port Centre Pkwy
Suite 2B
Portsmouth, VA 23704-5901

MCV Hospital
PO Box 980462
Richmond, VA 23298-0462

Fox Bindary, Inc
c/o The Eliades Law Firm, PLLC
14000 N Enon Church Road
Chester, VA 23836-3312

MCV Associated Physicians
PO Box 91747
Richmond, VA 23291-1747

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Rehabilitation Associates PC
c/o Gregory K. Pugh, P.C.
2404 Princess Anne Road
Virginia Beach, VA 23456-3409

Wells Fargo Bank, N.A.
Wells Fargo Card Services
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

Wilson Paper Comp
c/o Law Office of R. Bruce Fickley, PC
PO Box 4005
Roanoke, VA 24015-0005

Ally Financial
PO Box 130424
Roseville MN 55113-0004

Kevin Harrison
9460 Amerdale Dr., Ste C
Richmond, VA 23236

UVA Physician's Group
PO Box 744123
Atlanta, GA 30374-4123

Chesterfield Co Dept of Utilities
Attn: Laura Saxon
PO Box 608
Chesterfield VA 23832-0009

Sterling Jewelers Inc.
dba Jared Galleria of Jewelry
c/o Weltman, Weinberg & Reis Co.
323 W. Lakeside Avenue
Cleveland, OH 44113-1085

City of Richmond City Hall
Room 109 Delinquent Taxes
900 East Broad Street
Richmond VA 23219-1907

American Express Bank, FSB
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Systems & Services Tech, Inc.
4315 Pickett Road, Bkcy. Dept.
St. Joseph, MO 64503-1600

CJW Medical Center
Resurgent Capital Services
PO Box 1927
Greenville, SC 29602-1927

Chesapeake Bank
c/o Robert H. Chappell, Esq.
Spotts Fain
411 E. Franklin St., Ste 600
Richmond, VA 23219-2200

Commonwealth of Virginia
Department of Taxation
P.O. Box 2156
Richmond, VA 23218-2156

Mailing Services of Virginia
PO Box 7664
Charlottesville, VA 22906

Loc Pfeiffer, Esq.
Kutak Rock LLP
901 E. Byrd Street, Ste 1000
Richmond, VA 23219

Heidelburg USA, Inc.
c/o Greenberg Law Firm
P.O. Box 240
Roanoke, VA 24002

Wells Fargo Vndr Fin Srvcs, LLC
Jason Harkness
1010 Thomas Edison Blvd., SW
Cedar Rapids, IA 52404-8247